# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GUADALUPE FAVELA,<br><br>　　　　　Defendant. | Case No. 1:94-CR-05044-LJO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 597) |

Before the Court is the pro se[1] motion of Defendant Guadalupe Favela ("Defendant") to reduce his sentence (Doc. 597), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[2] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion. Doc. 602. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

**Standard of Review**

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C.

---

[1] On August 24, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent Defendant on the instant motion. Doc. 600.
[2] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

§ 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Sentencing Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  Amendment 782 is retroactively applicable to previously sentenced defendants.

The district court's authority to modify a sentence is constrained by the Sentencing Commission.  *Dillon v. United States,* 560 U.S. 817, 826-27 (2010).  A two-step inquiry is required under 18 U.S.C. § 3582(c).  *Dunn*, 728 F.3d at 1155 (citing *Dillon*, 560 U.S. at 826-27).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in [§ 1B1.10]."  *Id.*  If the defendant is eligible, the district court then "consider[s] any applicable [18 U.S.C. § 3553(a)] factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.* (quoting *Dillon*, 560 U.S. at 827).

**Original Sentence Imposed**

Defendant was charged in a Second Superseding Indictment with the following offenses:

Count One: 21 U.S.C. § 848, Continuing Criminal Enterprise;

Counts Two and Five: 21 U.S.C. § 846 and 841(a)(1), Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Methamphetamine;

Count Three: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Distribution of Methamphetamine, Aiding and Abetting;

Count Four: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Possession of Methamphetamine with Intent to Distribute and Aiding and Abetting;

Count Six: 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Manufacturing Methamphetamine and Aiding and Abetting .

PSR, at 4.  On February 2, 1995, following a ten-day jury trial, Defendant was found guilty as to all counts.  Docs. 139, 142.

Defendant's PSR recommended a total offense level of 43.  PSR, at 12.  For Counts Two through Six, the applicable guideline was § 2D1.1.  *Id*, at 10.  Under § 2D1.1, the base offense level

is predicated on the amount of drugs involved in the case.  Thus, as 224 pounds of methamphetamine were attributable to Defendant, his base offense level was 38.  *Id.*, at 11.  Because four weapons were found in connection with Defendant's offenses, the PSR recommended an additional two-level increase pursuant to § 2D1.1(b)(1).  *Id.*  Furthermore, because Defendant was found guilty of violating 21 U.S.C. § 848, under § 2D1.5(a), a four-level increase was added to the base offense level.  *Id.*, at 10, 12.  However, pursuant to Application Note No. 2 under Chapter Five, Part A, which states that "an offense level of more than 43 is to be treated as an offense level of 43," Defendant's total offense level was calculated to be 43.  *Id.*, at 12.  At a total offense level of 43, and with a criminal history category of I, the guideline sentence was life imprisonment, and the PSR accordingly recommended a sentence of life imprisonment.  *Id.*, at 18.

On July 31, 1995, the Court adopted the PSR's recommendation and sentenced Defendant to life imprisonment as to count one, life imprisonment as to counts two through six to run concurrent with each other and to count one and any other federal or state sentence, and a $300 special assessment.  Docs. 322, 327.

**Application of Amendment**

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug offenders.   Amendment 782, § 1B1.10.  However, the highest base offense level in the drug quantity table, reserved for those convicted of possessing large quantities of controlled substances, remained at 38.  Moreover, a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if Amendment 782 does not have the effect of lowering the defendant's applicable guideline range.  *See* § 1.B1.10(a)(2)(B).

In this case, Defendant does not qualify for a sentence reduction because Amendment 782 does not lower the base offense level for defendants whose offenses involved over 45 kilograms of methamphetamine.  *See* §§ 1B1.10, 2D1.1(c).  According to the PSR, the amount of methamphetamine attributable to Defendant is 224 pounds, which is considerably greater than the minimum amount to subject a defendant to a base offense level of 38, even after Amendment 782 is

taken into account.³ PSR, at 11.  As a result, Defendant's base offense level remains at 38. § 2D1.1(c).  In conjunction with his criminal history category of I, the two-level increase pursuant to § 2D1.1(b)(1), and the four-level increase under § 2D1.5(a), the applicable sentence guideline is life imprisonment, which is the same as the previous range applicable to his case before Amendment 782 took effect.  *See* United States Sentencing Commission Guidelines Manual, Sentencing Table (Nov. 1, 2014).  Thus, because Defendant's sentence was not "based on a sentencing range that has been subsequently lowered by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), the Court must deny his motion.  *United States v. Leniear*, 574 F.3d, 668, 673 (9th Cir. 2009).

Although the Court is without authority to reduce Defendant's sentence, the Court commends Defendant for the impressive efforts he has taken towards self-improvement, and his many accomplishments while in prison, which include completing several educational and lifestyle courses, mentoring his fellow inmates, engaging in various volunteer activities, providing financial support to his family members, becoming proficient in English, and earning his GED.  The Court's denial of the instant motion is in no way a reflection of Defendant's character, but is a matter of law.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Guadalupe Favela's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated:  **November 19, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

³ Under §2D1.1's Drug Quantity Table in 1995, only 30 kilograms of methamphetamine were required to trigger a base offense level of 38.  Following the adoption of Amendment 782, 45 kilograms of methamphetamine were required to subject a defendant to a base offense level of 38.

4